I concur with the disposition of the first assignment of error, but disagree as to the disposition of the second assignment of error. R.C. 2950.09(B)(2) specifically states that, in determining whether an offender is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, the ten factors expressly set forth in such section. There is no indication in either the transcript of the October 16, 1997, hearing or in the court's journal entry adjudicating appellant a sexual predator that the trial court considered all of the ten factors set forth in R.C. 2950.09(B)(2). Specifically, the ten factors are not listed in the trial court's entry or orally set forth by the trial court at the sexual predator hearing. Nor is there enough factual information in the transcript from the sexual predator hearing to indicate that the trial court considered each factor in 2950.09(B)(2). Moreover, as is stated above, 2950.09(C) requires that a sexual predator adjudication be based on clear and convincing evidence. However, there is no indication that the trial court applied the clear and convincing standard in adjudicating appellant a sexual predator. In fact, the trial court does not indicate what evidentiary standard it applied in finding appellant a sexual predator. I would not make any ruling at this time as to whether the evidence presented at the sexual predator hearing in the case sub judice was enough evidence to support a finding that the appellant was a sexual predator by clear and convincing evidence. However, I would find that the trial court must consider all elements of2950.09(B)(2) prior to entering a finding that the appellant is a sexual predator. It is the duty of the State to present this information unless the State can establish that the evidence as to an element of 2950.09(B)(2) is impossible to produce at the sexual predator hearing. Therefore, I would remand this matter to the trial court for further hearing.